Crew, J.
While the objection raised by the defendant on the trial of this case in the court of common pleas, and relied upon by him in this court, namely: that there is a material variance between the allegations of the indictment and the proof offered by the state in support thereof, might perhaps have been properly sustained under the technical and rigorous rule of the common law, as formerly applied in criminal prosecutions, such objection, upon the undisputed facts in the present case, is without merit, and cannot avail the defendant as ground for acquittal, under the modern and more reasonable rule now almost universally recognized by the courts, and in many of the states declared by statute, that a variance is not to be regarded as material unless it is such as might prejudice or mislead the defense, or might expose the accused to the danger of twice being put in jeopardy for the same offense. In modern practice much of the strictness that formerly obtained in criminal proceedings under the rule of the common law, as to proof of matters of mere description, has been done away with, as tending to embarrass and defeat, rather than promote, the administration of public justice. In harmony with this modern rule, which, while it preserves and protects the substantial rights of the accused, disregards such matters of variance as are not material to the merits of the case or prejudicial to the defendant, the general assembly of the State of Ohio, by Section 7216 of our Code of Criminal Procedure has enacted that: “When on the trial of an indictment there appears to be any variance between the statement in such indictment and the *69 evidence offered in proof thereof, * * * in the name or description of any matter or thing therein named or described, such variance shall not be deemed ground for an acquittal of the defendant, unless the court before which the trial is had find that such variance is material to the merits of the case, or may be prejudicial to the defendant.” The manifest purpose, as well as the positive effect of this statute, was to modify or change the strict rule of the common law which made fatal any variance between the allegations of the indictment, as to matters of description, and the proof offered in support thereof. In Lytle v. The State, 31 Ohio St., 196, Gilmore, J., in discussing the effect of the above provision of our Criminal Code, says: “This abrogates, in our state, the rule of evidence on the subject of variance, in matters of description, between the allegation and proof. Instead of looking to the rules of evidence to ascertain whether there .is a variance between the allegations of the indictment and the evidence offered, the court now looks at the case as it stands before it; and if there are variances between the allegations and the proof offered, the defendant, for that reason alone, must not be acquitted, unless, in the opinion of the court, the variance is material or may be prejudicial to the defendant. The opinion of the court, in this respect, is now substituted for the former rule of evidence on the subject.” And in The State v. Buechler, 57 Ohio St., 95, it was held that the decision of the trial judge on the question of the materiality of the variance, is not conclusive, but that such decision may be reviewed by *70 this court on error, or upon exceptions presented by the prosecuting attorney. When we consider, in the present case, that the character and proper designation of the place or structure alleged to have been burglariously entered, must be ascertained and determined from the nature of the use to which it was appropriated at the time of the commission of the alleged offense, — Thalls v. The State, 21 Ohio St., 233, — it would seem reasonably certain that such structure was not improperly or inappropriately designated in the indictment as a “storehouse.” But if it be conceded in this case that there is a variance between the allegations of the indictment and the proof offered by the state in support thereof, in the name or description of the building entered, such variance, under the facts and circumstances appearing of record, was neither material nor prejudicial, and could not therefore, because of the provisions of Section 7216, Revised Statutes, furnish ground for the acquittal of the defendant.

Exceptions sustained.

Price, C. J., Si-iaucic, Summers, Spear and Davis, JJ., concur.